IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISSY SANCHEZ, | CV 17-00156-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CFS DEPT OF HEALTH AND HUMAN SERVICES STATE OF MONTANA, et al., | |
| Defendants. | |

Plaintiff Krissy Sanchez filed two motions to proceed in forma pauperis (Docs. 1, 5), a proposed Complaint (Doc. 2), a Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child (Doc. 6), and a Motion for Emergency Injunction (Doc. 8). She alleges Defendants violated her First, Fourth, and Fourteenth Amendment rights under the United States Constitution by removing her children from her custody without sufficient cause. (Doc. 2 at 6.)

The motions to proceed in forma pauperis will be granted. But the Court must abstain from hearing Ms. Sanchez's claims for injunctive relief at this time, and those claims should be dismissed. Ms. Sanchez's claims for monetary relief should also be stayed pending the resolution of state court proceedings regarding the custody of her children. The petition for writ of habeas corpus and emergency

1

motion for return of child and motion for emergency injunction should be denied.

## I.  MOTIONS TO PROCEED IN FORMA PAUPERIS

Ms. Sanchez's motions to proceed in forma pauperis are sufficient to make the showing required by 28 U.S.C. §1915(a).  (Docs. 1, 5.)  The request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

## II.  STATEMENT OF THE CASE

### A.    Parties

Ms. Sanchez is proceeding without counsel.  She names the following Defendants from the Montana Department of Health and Human Services:  the Child and Family Services Division of the Department of Health and Human Services State of Montana; Cierra Rash, CPS social worker; Christy Ellerbee, CPS supervisor; Jason Larson, regional supervisor; Moyra Anthony, CFS case worker; Maurita Johnson, administrator CPS; Sheila Hogan, Director DPHHS; Laura McCullough, compliance and critic incident manager; Debbie Kirby, social worker and Jen Weber, CFS supervisor.

She also names Detective Mcave, Deputy Lauwers, Sgt. Taylor, and Deputy Cunningham from the Yellowstone County Sheriff's Department; Deputy County Attorney Cory Harrington; and City Council member Chris Friedel from Friedel LLC as Defendants.  (Complaint, Doc. 2 at 4-5, 9-12.)

2

### B.  Factual Allegations

On September 1, 2017, Defendant Ceirra Rash went to Ms. Sanchez's home to investigate allegations regarding Ms. Sanchez's care of her children.  She was accompanied by Defendant Chris Friedel.  Ms. Sanchez told Ms. Rash she had evidence to disprove the allegations, but ultimately Ms. Sanchez indicated she did not want to continue without an attorney.   Ms. Rash eventually left the house stating she would get a court order or the police.

After Ms. Rash left, Ms. Sanchez walked to the community garden with her son to pick vegetables and fruit.  While there, she got a call from a neighbor informing her that the police had just kicked in the door of her house.  As she returned to her home, Deputy Mcave stopped her and advised her that she was being detained because social services was picking up her son.  Ms. Sanchez tried to explain that her son was not in imminent danger.  Nevertheless, more police arrived and Ms. Sanchez's son was removed from the home.

DPHHS filed for custody of Ms. Sanchez's son based upon Ms. Rash's affidavit, which Ms. Sanchez disputes.  She also claims DPHHS did not offer services to allow her to keep her son in her home, and the agency has only allowed her to see her son for a total of eight hours since September 1, 2017.  She also states the agency has not allowed her to see her 15-year-old daughter during that

time period.

Ms. Sanchez states that a hearing on these issues has been scheduled in state court.  In the meantime, the Department has forced her to undergo "voluntary" services to see her child.  She alleges these services are triggering trauma and PTSD from her own childhood, because she is being forced to discuss traumatic events which a counselor had advised her not to revisit.

She claims her son has been placed in a home where he is at risk for sexual abuse, exposure to drug use by siblings, and exposure to prostitution.  (Complaint, Doc. 2 at 13-18.)

## III.  SCREENING PURSUANT TO 28 U.S.C. § 1915

### A.  Standard

Because Ms. Sanchez is proceeding in forma pauperis, the Court must review her Complaint under 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d

1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

#### 1. *Younger v. Harris*

Since there is a pending state court action on the child custody issues raised in this matter, the Court must consider whether this action should be stayed or dismissed under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court. *Id.* at 49-53. The U.S. Supreme Court subsequently "extended Younger abstention to particular state civil proceedings that are akin to criminal prosecutions." *Sprint Commc'ns., Inc. v. Jacobs_____* U.S. ____, 134 S.Ct. 584, 588 (2013). "Younger

5

abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004).

*Younger* abstention also applies to federal civil actions under 42 U.S.C. § 1983 requesting money damages. *Gilbertson* 381 F.3d at 979. As the Ninth Circuit recognized, claims for damages which turn on alleged violations of constitutional rights arising in the course of ongoing state court proceedings implicate the same grounds for abstention as claims for injunctive and declaratory relief. *Gilbertson*, 381 F.3d at 979-980.

Federal courts may raise the issue of *Younger* abstention sua sponte. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976), *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

The Ninth Circuit recently made clear, however, that "[a]bstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the

orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'"  *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc.* 134 S.Ct. 584, 593–94.

Since Ms. Sanchez has indicated that a court hearing had been scheduled in the child custody matter, it is clear that there are ongoing state proceedings.[1]  It is also clear that these proceedings are quasi-criminal enforcement actions and/or involve the state's interest in enforcing the orders and judgments of its courts.  In *Sprint*, the Court explained when civil enforcement proceedings are "akin to a criminal prosecution" as follows:

> Such enforcement actions are characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act. In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action. Investigations are commonly involved, often culminating in the filing of a formal complaint or charges.

134 S.Ct. at 592 (internal citations omitted).  To illustrate further, the Court cited *Moore v. Sims*, 442 U.S. 415 (1979) as an example of a quasi-criminal

---

[1] *"Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed." *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1989)

enforcement action.  *Id.*  In *Moore*, parents challenged the constitutionality of parts of the Texas Family Code that permitted removal of their children following allegations of child abuse.  *Moore*, 442 U.S. at 418–20.  Prior to the parents' action, the state had initiated proceedings alleging child abuse, leading to an investigation and subsequent custody hearings.  *See id.*  The Supreme Court ultimately held that the Federal District Court should not have exercised jurisdiction in the matter, and should have abstained under the *Younger* doctrine. *Id.* at 423-435.

Ms. Sanchez's claims are indistinguishable from the claims in *Moore.*  The State of Montana has initiated proceedings alleging child abuse and/or neglect, there has been an investigation, and a custody hearing has been scheduled.  Under the Supreme Court's guidance in *Moore* and *Sprint*, it is clear that the State of Montana has initiated a quasi-criminal enforcement action.

Ms. Sanchez also has an adequate opportunity in the state district court to raise federal questions and concerns that affect her constitutional rights.  She has opportunities under Montana law, and the laws and rules of procedure set forth in Title 41, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of her constitutional rights relative to the child custody proceedings.  She may also appeal the decisions of the

state court to the Montana Supreme Court after final judgment.

Therefore, this is precisely the type of case suited to *Younger* abstention. *See Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (holding that *Younger* abstention was appropriate in § 1983 action alleging that a state court judge violated plaintiff's due process rights in custody battle). Ms. Sanchez seeks federal intervention into an ongoing state domestic dispute by asking this Court to interfere with a state court order removing her child from her custody.

Since this action would unduly interfere with the state court proceeding in a way *Younger* disapproves, abstention is mandatory. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). The Court finds no circumstances exist in this case which would warrant application of the referenced exception to abstention. As such, the Court should abstain from adjudicating Ms. Sanchez's claims under *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention applies differently to claims for monetary damages and claims for injunctive and declaratory relief.  Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate.  *Gilbertson*, 381 F.3d at 981.  But where monetary damages are sought, the federal court should stay, rather than dismiss those claims, until after the state court proceedings are no longer pending.  *Id.* 381 F.3d at 981-982; *see also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009).  Thus, under *Younger*, claims for injunctive and declaratory relief should be dismissed without prejudice, and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings.  *Lampley v. Toris*, 2012 WL 846460, *4 (C.D. Cal. 2012).

Ms. Sanchez is primarily seeking declaratory and injunctive relief, but she also seeks four million dollars in monetary relief.  As such, the proper course is to dismiss the claims for injunctive and declaratory relief and stay the claims for damages.  *See Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) ("district court properly dismissed . . . claims for declaratory and injunctive relief," but "claims for money damages should have been stayed until the state court proceedings are completed"); *Tomel v. Ross*, 2009 WL 3824742, at *3 (D.Haw. 2009) ("Claims for injunctive or declaratory relief are normally dismissed; claims

for monetary damages may be stayed.").

### 2. Petition for Writ of Habeas Corpus

Ms. Sanchez also filed a "Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child." (Doc. 6.)  But a writ of habeas corpus is not an available remedy in a federal civil case involving child custody.  28 U.S.C. § 2254(a) provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has expressly held that children in foster care are not "in custody" of the State for purposes of Section 2254.  *Lehman v. Lycoming Cnty. Children's Servs.*, 458 U.S. 502, 510-11 (1982).  Simply put, "the 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas."  *Id.* at 511.  Such children "are not prisoners[,] [n]or do they suffer any restrictions imposed by a state criminal justice system."  *Id.* at 510.  "They are in the 'custody' of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents."  *Id.* at 510-11.

The Supreme Court therefore declined to extend federal habeas jurisdiction under Section 2254 to challenges involving the custody of children.  *Id.* at 516; *see*

*also Bell v. Dep't of Soc. & Health Servs.*, 382 Fed.Appx. 669, 670 (9th Cir. 2010) (reaffirming that there is no federal habeas jurisdiction "to challenge the constitutionality of a state statute under which a State has obtained custody of children and terminated involuntarily the parental rights of their natural parent.")

Ms. Sanchez's request for a writ of habeas corpus regarding the custody of her children is, therefore, beyond the purview of Section 2254. Her children are not in the custody of the state as required to confer jurisdiction under Section 2254. A writ of habeas corpus is simply unavailable for this type of challenge.

Based upon the foregoing, the Court issues the following:

## ORDER

1. The Motions to Proceed in Forma Pauperis (Docs. 1, 5) are GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on November 27, 2017.

3. At all times during this action, Ms. Sanchez shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Ms. Sanchez's Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child (Doc. 6) should be DENIED.

2.  Ms. Sanchez's allegations and claims challenging Defendants' actions regarding the removal of her child/children, visitation, child custody proceedings, and/or any parental rights proceedings should be DISMISSED to the extent Ms. Sanchez seeks injunctive relief.

3.  Ms. Sanchez's claims for monetary damages should be STAYED until the state court proceedings are completed and final.  The Clerk of Court's Office should be directed to administratively close this case.

If Ms. Sanchez desires to continue with this case after disposition of the state court custody proceedings, she must file a motion requesting that the case be reopened and the stay lifted within thirty days of disposition of those proceedings, unless an appeal is filed.  If she appeals, any request to reopen and lift the stay must be filed within thirty days of completion of the appellate process.

4.  Ms. Sanchez's Motion for Emergency Injunction (Doc. 8) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS &
## RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Sanchez may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of March, 2018.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail). . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Ms. Sanchez is being served by mail, she is entitled an additional three (3) days after the period would otherwise expire.

14