IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KRISSY SANCHEZ, | Cause No. CV 17-156-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| CIERRA RASH, et al., | |
| Defendants. | |

Plaintiff Krissy Sanchez filed this action in November 2017, challenging defendants' actions in connection with the care and custody of her children.

This Order rules on several motions and documents Sanchez has filed (Docs. 100, 104, 105, 106, 112), and sets a deadline for her to show cause why the Court should not proceed to address Defendants' pending motions for summary judgment.

One of Sanchez's submissions, Doc. 104, is, in context, a proposed amended pleading. The Court will make a recommendation to the District Court as to its disposition. In addition, Sanchez's motion (Doc. 82) seeking reconsideration of the District Court's Order of November 4, 2019, remains pending before the District Court.

**Doc. 100**

On January 27, 2020, Sanchez moved for an extension of time (Doc. 100) to respond to the Court's Order of January 6, 2020.  She filed her response to the Order on February 15, 2020 (Doc. 104).  The motion for extension of time is moot.

**Doc. 104**

On January 6, 2020, the Court granted Sanchez's timely motion to amend her complaint.  The Court found Sanchez fairly stated a claim against a new defendant, Yellowstone County, for having a custom or practice of carrying out child removals with neither a judge's warrant nor exigent circumstances.  But the Court further found her other policy allegations against Yellowstone County fell short.  After explaining the basic elements of pleading municipal liability, the Court permitted her a final opportunity to allege sufficient facts against the County to demonstrate it might be liable on other claims she attempted to make in her amended complaint.  As the deadline for amending the pleadings had passed, Sanchez was given until January 27, 2020, to file an addendum to her complaint.  Sanchez's response was to be limited to seven (7) pages and was to comply with the requirements for the form of pleadings under L.R. 1.5.  *See* Order (Doc. 92) at 4–9, 12–13 ¶ 2.

In response, on February 15, 2020, Sanchez filed eight hundred ninety-three (893) pages.  She describes her submission as "7 pages plus attachments."  Mot.

2

for Leave (Doc. 104) at 1.  Sanchez's submission of Doc. 104 is in clear violation of the Order of January 6, 2020, and is subject to being stricken.  Nevertheless, the Court has considered whether it is possible to find allegations in Sanchez's submission that are responsive to the Order.  It sees none.

Based on her descriptions of the attachments (*see* Mot. for Leave (Doc. 104) at 7–8; Doc. 104 Docket Text), it appears that Doc. 104-15 and 104-16, are the attachments which include what could be considered allegations.

In Doc. 104-15, Sanchez reiterates her allegation that Sheriff Linder and Yellowstone County fail to train deputies when and how to assist in child removals and that Yellowstone County is liable for Sanchez's claim that her child was unlawfully removed from her home on September 1, 2017.  (*Id.* at 1-4.)  She had no need to repeat allegations to support this claim, as the Court has already determined that Sanchez has stated a claim in this regard.  (Doc. 92 at 8.) Sanchez also refers to cases of other individuals whom she is not authorized to represent, and which do not serve as a basis for a claim by Sanchez against Yellowstone County.  (Doc. 104-15 at 5-8.)    The remaining allegations of Doc. 104-15 consist of conclusory allegations that fail to state a claim on which relief can be granted to her (¶¶ 3, 8, 9), and also reiterate a claim she has already made (¶¶ 1–2, 4–7).

In Doc. 104-16, Sanchez also makes voluminous conclusory allegations.  All

fail to demonstrate she has a claim on which relief may be granted to her. The Court also notes that Sanchez makes some allegations regarding a deputy county attorney, Corbit Harrington, who was previously dismissed on grounds of prosecutorial immunity. (Doc. 104-17.) Sanchez fails to allege a basis on which Deputy County Attorney Harrington could be seen as a final policymaker whose acts could support Yellowstone County's liability.

Because Doc. 104 is Sanchez's response to an order allowing her a limited opportunity to amend her pleading, the Court will recommend that Doc. 104, construed as a motion to amend the pleading, be denied. Consequently, except as to Sanchez's allegation that Yellowstone County is liable for the unlawful removal of her child on September 1, 2017, her allegations against Yellowstone County, *see* Am. Compl. (Doc. 83-1) at 5–6, 16–17, 27, 51, should be dismissed for failure to state a claim on which relief may be granted.

### **Doc. 105**

On February 24, 2020, nine days after she filed exhibits with Doc. 104, Sanchez moved to seal those exhibits that "qualify to be sealed." Pl. Mot. to Seal (Doc. 105) at 1. After reviewing the exhibits to Doc. 104, the Court has determined that Exhibits 104-11 and 104-12 will be sealed, and the descriptions of those two exhibits will be altered.

In the future, if Sanchez wants something to be sealed, she must file the

motion for leave to seal at the same time she submits the documents she wants to seal. As soon as something is filed and not sealed in the Court's electronic record, it is on the internet. At least at this time, it is behind a pay wall, but anyone with a PACER account may view it.

Additionally, in every document Sanchez files, she is obligated to use only the initials of individuals known to be minors. *See* Fed. R. Civ. P. 5.2(a)(3).

### Doc. 106

On February 24, 2020, Sanchez filed a 20-page "reply" to Yellowstone County's answer. She states that she "believes she is required to submit a separate objection and reply to the county's reply fitchs reply and linder as well as counter claims for financial relief." Reply (Doc. 106) at 1. She is mistaken.

Federal Rule of Civil Procedure 7(a) permits "an answer to a counterclaim designated as a counterclaim" and "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a)(3), (7). None of the defendants has made or designated a counterclaim. *See* Fitch Answer (Doc. 96) at 1–3; County and Linder Answer (Doc. 98) at 1–6. The Court did not order a reply. Sanchez's reply will be stricken.

### Doc. 112

On April 3, 2020, Sanchez filed a motion to continue her deadline for responding to various motions due to difficulties created by the COVID-19

pandemic (Doc. 112).  She failed to comply with D. Mont. L.R. 7.1(c)(1).

Three days later, Sanchez filed a reply in support of her motion.  She stated she would respond to motions 21 days after libraries open.  *See* Reply (Doc. 115) at 2.

Montana is experiencing the same rise in the number of cases as many other states, but public buildings opened well over 21 days ago.  Sanchez did not comply with the terms she set out for her own responses.  Her motion to continue will be denied.

**Order to Show Cause**

All defendants have moved for summary judgment.  Sanchez has not responded to any of them.  She has not filed anything since April 6, 2020.  The Court intends to address the motions for summary judgment.  She must show cause why it should not do so.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  Sanchez's motion for extension of time (Doc. 100) is DENIED AS MOOT.

2.  Sanchez's motion to seal (Doc. 105) is DENIED in part and GRANTED in part.  The clerk shall seal Docs. 104-11 and 104-12.  The names of the exhibits shall be altered to "Mot.Dismiss.G" and "Mot.Dismiss.A."

3.  Sanchez's reply (Doc. 106) and exhibit (Doc. 106-1) are STRICKEN.

4.  Sanchez's motion to continue (Doc. 112) is DENIED.

5.  On or before **September 30, 2020,** Sanchez must show cause why the Court should not address the pending motions for summary judgment.  Sanchez's response to this Order must be limited to five (5) pages, double-spaced, in 14-point font, not including the caption and certificate of service.

The Court also enters the following:

## RECOMMENDATION

1.  Sanchez's motion for leave and reply, construed as a motion to amend her pleading (Doc. 104), should be DENIED in its entirety for violation of the Order of January 6, 2020, and for failure to state any additional claim against any additional defendant.

2.  Except as to Sanchez's allegation that Yellowstone County is liable for the unlawful removal of her child on September 1, 2017, all allegations against Yellowstone County, *see* Am. Compl. (Doc. 83-1) at 5–6, 16–17, 27, 51, should be DISMISSED for failure to state a claim on which relief may be granted.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to the Findings and Recommendations within 14

days.  *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar

a de novo determination by the district judge and/or waive the right to appeal.

     Sanchez must immediately advise the Court of any change in her mailing or

email address.  Failure to do so may result in dismissal of the action without notice

to her.

     DATED this 16th day of September, 2020.


                   */s/ Timothy J. Cavan*

                   Timothy J. Cavan

                   United States Magistrate Judge

---

[1]  This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.